United States District Court
Southern District of Texas
**ENTERED**
March 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CRIMINAL ACTION NO. H-13-121 |
| vs. | § |
| | § CIVIL ACTION NO. H-16-1618 |
| | § |
| JUAN HERNANDEZ-ROBLES | § |

**MEMORANDUM AND OPINION**

Juan Hernandez-Robles filed a motion under 28 U.S. § 2255, raising ineffective assistance of counsel for "failing to negotiate 'Fast Track' program in plea deal, pursuant to 5K3.1," and "ineffective assistance of counsel for involuntary plea." (Docket Entry No. 39). The government has responded, arguing that Hernandez-Robles's claims are time-barred, insufficiently pleaded, and substantively meritless. They government has moved for summary judgment. (Docket Entry No. 45).

**I.     Background**

**A.     Procedural History**

On March 6, 2013, Hernandez-Robles was indicted on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). He pleaded guilty on May 1, 2013, without a plea agreement. On August 20, 2013, the court sentenced Hernandez-Robles to a 69-month prison term, to run concurrently to a revocation sentence relating to a prior conviction. Hernandez-Robles filed a notice of appeal, which the Fifth Circuit dismissed after Hernandez-Robles's counsel filed an *Anders* brief. On May 31, 2016, Hernandez-Robles filed this § 2255 motion.

**B.     The Legal Standards**

Relief under § 2255 "ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). This procedural bar does not apply to claims that could not have been raised on direct appeal, such as an ineffective assistance of counsel claim. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective assistance claims are properly raised on collateral review).

Hernandez-Robles is representing himself, and his pleadings are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quotation marks and citations omitted). The court liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). But even unrepresented movants must provide sufficient facts to support their claims. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue," *id.*, and "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value," *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

If the motion and record show that no relief on the § 2255 motion is appropriate, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Summary judgment is proper if there is no genuine dispute of material fact and the movant (here the § 2255 respondent) is entitled to judgment as a matter of law. *Liu v. Lynch*, 149 F. Supp. 3d 778, 784-85 (S.D. Tex. Mar. 3, 2016) (Rosenthal, J.); Fed. R. Civ. P. 56(a).

## II. Analysis

A § 2255 motion is subject to a one-year limitations period that begins to run on the date the judgment of conviction becomes final. "[F]or federal criminal defendants who do not file a petition for writ of certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period start to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Hernandez-Robles's conviction became final on July 15, 2014. S. Ct. R. 13. His one-year period to file a timely § 2255 motion expired on July 15, 2015. He did not file the motion until May 2016. Because Hernandez-Robles did not file his § 2255 motion until after the limitations period in § 2255(f)(1) expired, and no exception or extension applies, his motion is untimely. *See United States v. Ramirez*, 2014 WL 3665289, at *6 (S.D. Tex. July 22, 2014) (dismissing untimely filed § 2255 motion).

The record also undermines Hernandez-Robles's claims. The standard for judging the performance of counsel set out in *Strickland v. Washington*, 466 U.S. 668 (1984), requires movant to prove both deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively

3

reasonable professional assistance." *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 689). "A court must indulge a 'strong presumption' that counsel's conduct falls within the range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 701, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (citing *Strickland*, 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless it is clearly proven otherwise. *Strickland*, 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" *United States v. Baptiste*, 2007 WL 925894, at *3 (E.D. La. Mar. 26, 2007) (quoting *Strickland*, 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id*. A defendant must satisfy both prongs of the *Strickland* test to succeed on an ineffective assistance claim. *See Strickland*, 466 U.S. at 697. A court deciding an ineffective assistance of counsel claim is not required to address these prongs in a particular order. *Id*. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id*.

The *Strickland* standard applies to ineffective-assistance challenges to convictions based on guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). With respect to the prejudice prong of *Strickland*, the defendant must show "that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). (quoting *Lockhart*, 474 U.S. at 59).

Hernandez-Robles fails to set out a factual basis for his claims. Absent information about what his counsel did or how that action was ineffective or constitutionally deficient, no relief can be granted. Hernandez-Robles does not explain how his counsel should have negotiated a fast-track plea deal or whether he met the requirement for that relief.

Guidelines § 5K3.1 provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. Whether a particular defendant is "fast-tracked" under this program "is in the sole discretion of the United States Attorney." *Flores-Jimenez v. United States*, 2014 WL 1338573, at *4 (S.D. Tex. Mar. 31, 2014). Neither Hernandez-Robles nor his attorney had "the sole ability to determine whether to participate" in a § 5K3.1 fast-track program; nor is Hernandez-Robles "automatically entitled to benefit from the program." *United States v. Espinosa-Contreras*, 2013 WL 33667276, at *3 (S.D. Tex. July 3, 2013). Any opportunity that Hernandez-Robles might have to participate in a fast-track program must be "initiated by the government." *Id.* (Citing *United States v. Gomez-Herrara*, 523 F.3d 554, 561 (5th Cir. 2008)).

Hernandez-Robles's trial counsel did not control the process for him to receive a fast-track reduction. Accordingly, counsel could not have been (and was not) constitutionally deficient in not negotiating a § 5K3.1 reduction for Hernandez-Robles. "Because a defendant may not control whether to participate in the [fast-track] program, and the Court may not grant such a motion by the defendant or his counsel, [Hernandez-Robles] has not shown that he was prejudiced by counsel's

5

failure to [negotiate] a downward departure on this basis." *Espinosa-Contreras*, 2013 WL 33667276 at *3.

Hernandez-Robles's criminal history likely foreclosed a § 5K3.1 fast-track program. The Department of Justice's Policy Memorandum on Early Disposition or "Fast-Track" Programs conditions defendant eligibility on the defendant's lack of prior violent felony convictions (including drug trafficking and firearm offenses) and on the number of prior deportations and prior convictions for illegal reentry under § 1326. Hernandez-Robles's criminal history includes convictions for armed robbery of a dwelling, robbery with a deadly weapon, and illegal reentry. PSR at 6-7 (¶¶ 26, 29). As the court noted during sentencing, Hernandez-Robles has three prior deportations, a prior 120-month sentence, and a prior 46-month sentence. (Docket Entry No. 32 at 7:15-19). In light of this criminal history, Hernandez-Robles cannot establish that he was eligible for a § 5K3.1 fast-track disposition, much less that his attorney fell below a reasonable level of performance for failing to negotiate his participation in a § 5K3.1 program.

Hernandez-Robles also contends that he received ineffective assistance of counsel for an involuntary plea. (Docket Entry No. 39 at 6). "A prisoner claiming counsel's ineffectiveness rendered his guilty plea involuntary must show: 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Fernandez*, 317 F. App'x 388, 389 (5th Cir. 2009) (unpublished) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Hernandez-Robles has not made that showing.

The court's plea colloquy was detailed and specific and defeats his claims of an involuntary plea. At his rearraignment hearing, Hernandez-Robles testified that his plea was voluntary and that he was happy with his counsel's performance. The court asked Hernandez-Robles whether he was

"satisfied with the representation and advice your lawyer has given you." (Docket Entry No. 43 at 6). Hernandez-Robles replied "Yes, Your Honor." *Id.* Hernandez-Robles also testified that he was pleading guilty freely and voluntarily, not because of any promise that had been made to him. (*Id.* at 43). ("THE COURT: Are you making this guilty plea freely and voluntarily? DEFENDANT HERNANDEZ: Yes, Your Honor. . . . THE COURT: Are you pleading guilty because of any promise that's been made to you? DEFENDANT HERNANDEZ: No, Your Honor."). These on-record statements by the movant carry a strong presumption of veracity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . .").

In short, Hernandez-Robles's claims were filed too late and fail on the merits. The government's motion is granted, and this case is dismissed by a final judgment separately entered.

## III. Conclusion

The government's motion for summary judgment is granted and Hernandez-Robles's § 2255 motion is denied. The record conclusively demonstrates that no relief is appropriate. No evidentiary hearing is needed. And because reasonable jurists could not disagree with the denial of Hernandez-Robles's motion, no certificate of appealability is issued. *See United States v. Bernard*, 762 F.3d 467, 483 (5th Cir. 2014).

SIGNED on March 3, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge